Andrew Lewinter
OSB # 080031
Andrew Lewinter, Attorney, P.C.
132 E. Broadway, Suite 821
Eugene, OR 97401
Telephone: (541) 686-4900
Facsimile: (541) 686-1300
andrew@lewinterlaw.com

Attorney for Plaintiff Kris Abshere

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **KRIS ABSHERE,**<br><br>Plaintiff<br><br>v.<br><br>**HARRISBURG PROPERTY, LLC, dba LIFE NORTHWEST RV AND LODGING**<br><br>Defendant. | Case No.: 19-cv-490<br><br>**COMPLAINT**<br>(Religious Discrimination: 42 U.S.C. § 2000e-2; ORS 659A.030)<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.

Defendant Harrisburg Property, LLC (hereinafter "Life Northwest" or "Defendant") is a hotel and recreational vehicle park that expects its employees to attend a church located on its property. On August 23, 2018, Life Northwest fired Plaintiff Kris Abshere for failing to attend that church.

///

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 42 U.S.C. § 2000e-5(f)(3), and 42 U.S.C. § 1988.  This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367(a).

3.

Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in Linn County, Oregon.

4.

Costs and reasonable attorney fees may be awarded pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d), and ORS 659A.885 on all claims described herein.

## PARTIES

5.

Plaintiff Kris Abshere ("Mr. Abshere") is a citizen of Oregon who was employed by Defendant from June 2018 until Defendant discharged him on August 23, 2018.  Mr. Abshere worked in housekeeping, the front desk, and general maintenance.

6.

Defendant is a hotel and recreational vehicle park located in Harrisburg, Oregon. Defendant's hotel is adjacent to a church, the Life Bible Church.  Defendant expects its employees to regularly attend the Life Bible Church.  Kelly Jenness is a pastor at Life Bible Church and a manager at Defendant's hotel.

///

## FACTS

7.

On or August 23rd, 2018, Kelly Jenness met with Mr. Abshere to discuss his employment. Mr. Jenness told Mr. Abshere that he expected Mr. Abshere to attend the Life Bible Church more frequently. The next day, Defendant gave Mr. Abshere a letter terminating his employment for his failure to attend that church. Although the letter expressly referenced Mr. Abshere's "attendance," Jenness made clear in the meeting that Defendant was unsatisfied with Mr. Abshere's *church* attendance, rather than his attendance on the job. The letter stated, "Upon your attendance to Life Bible Church in the next three months, your employment will be reconsidered."

8.

On October 19th, 2018, Mr. Abshere filed a complaint of discrimination in violation of ORS 659A.030 with the Oregon Bureau of Labor and Industries (BOLI) on the bases and facts as alleged in this Complaint. That complaint was co-filed with the EEOC on October 25th, 2018, as Defendant's conduct also violated Title VII of the Civil Rights Act of 1964. Mr. Abshere requested and was granted a right-to-sue notice from the EEOC on March 27, 2019 to expire 90 days thereafter. This action is timely filed within those timeframes.

**FIRST CLAIM FOR RELIEF – RELIGIOUS DISCRIMINATION 42 U.S.C. § 2000e-2**

9.

Mr. Abshere re-alleges paragraphs 1 through 8 and incorporates them as if fully set forth herein.

///

///

10.

Defendant violated 42 U.S.C. § 2000e-2 by wrongfully terminating Mr. Abshere for religious discrimination and by requiring him to go to church to get his job back.

11.

Mr. Abshere suffered lost wages and benefits, humiliation, shame, embarrassment and depression as a result of that his wrongful termination.   Those damages are continuing.

12.

The actions of Defendant were intentional or taken in reckless disregard of Mr. Abshere's federally protected rights. Therefore, punitive damages in an amount to be determined by the jury should be awarded to punish Defendant and to deter it and others from acting in a similar manner in the future.

13.

Mr. Abshere seeks compensatory and punitive damages for the emotional distress he suffered as a result of Defendant's violation of 42 U.S.C. § 2000e-2 in an amount to be determined at trial, but not more than $500,000. Mr. Abshere also seeks reasonable attorney fees and costs of this action, as provided by 42 U.S.C. § 2000e-5.

**SECOND CLAIM FOR RELIEF – ORS 659A.030**

14.

Mr. Abshere realleges paragraphs 1 through 13 and incorporates them as if fully set forth herein.

15.

Defendant violated ORS 659A.030 by wrongfully terminating him for religious discrimination, and by requiring him to go to church to get his job back.

16.

Mr. Abshere suffered lost wages and benefits, humiliation, shame, embarrassment and depression as a result of that his wrongful termination.   Those damages are continuing.

17.

The actions of Defendant were intentional or taken in reckless disregard of Mr. Abshere's rights under Oregon law.   Therefore, punitive damages in an amount to be determined by the jury should be awarded to punish Defendant and to deter it and others from acting in a similar manner in the future.

18.

Mr. Abshere seeks compensatory and punitive damages for the emotional distress he suffered as a result of Defendant's violation of ORS 659A.030 in an amount to be determined at trial, but not more than $500,000. Mr. Abshere also seeks reasonable attorney fees and costs of this action, as provided by ORS 659A.885.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Abshere hereby demands a trial by jury as to all issues.

## DEMAND FOR RELIEF

**WHEREFORE**, Mr. Abshere prays for judgment against Defendant as follows:

1. Economic damages in the form of lost wages and prejudgment interest in an amount to be determined at trial;
2. Front pay in an amount to be determined at trial;
3. Compensatory damages in an amount to be determined at trial;
4. Punitive damages in an amount to be determined at trial;

5. His reasonable attorney fees and costs incurred herein; and

6. Such other relief as the Court deems just and equitable.

DATED this April 3, 2019

s/ *Andrew Lewinter*
Andrew Lewinter OSB # 080031